Ms. Rubio, before you start, let me do what I should have done first in the last case. Justice Litton is the third member of this panel. He's not able to be here. He will be participating in the conferencing of the case. Good morning. My name is Pamela Rubio. I'm with the Office of the State Appellate Defender, and I represent Eric Blackhawk. This morning I'll be focusing on Issue 1 in Mr. Blackhawk's briefs regarding his excessive sentence, but I'm prepared to answer questions about any of the issues. May it please the Court, when the child judge sentenced Eric Blackhawk to 16 years for delivering 1.7 grams of cocaine, the judge specifically considered as an overwhelming factor that Mr. Blackhawk profited from the misery of others that he caused by dealing drugs. These factors, monetary compensation and causing serious harm to society, are implicit in the offense of delivery of a controlled substance, and the judge had already taken these factors into account when setting the range of penalties for this offense. Therefore, it was an abuse of discretion for the child judge to consider these factors as aggravating factors against Mr. Blackhawk. When the record does not affirmatively show that these improper factors were insignificant to the child judge, a reduction in sentence or remand for resentencing is necessary. In this case, the opposite is true. The record affirmatively shows that these factors were significant to the child judge in this case, and the judge placed great emphasis on them. During the sentencing hearing and the imposition of sentence, the child court mentioned specifically Mr. Blackhawk's profiting from the misery of others and causing misery not less than five times during the sentencing hearing. The judge explicitly stated, quote unquote, that it was an delivery of 1.7 grams of cocaine. Is profit an element of delivery? No, it is not. So if he was profiting, that's not an inherent element of the crime? Well, according to the Illinois Supreme Court in Conover, although it's not an explicit element and it's not an explicit element, compensation for delivery is an inherent component of the offense of delivery. In Conover, the court was dealing with the compensation in the form of proceeds from the sale of stolen property, and in that case, in a burglary or theft conviction. And in that case, the Supreme Court acknowledged that burglary or theft does not have an explicit element of compensation, but nonetheless held that that was an improper aggravating factor in those cases because it's implicit in the offense of burglary or theft in the sale of stolen goods that one received compensation for the sale of stolen goods. And so in that case, the court held that it was improper for the sentencing court to consider receiving compensation as an aggravating factor. In this case, the same kind of situation occurred where the child judge explicitly referenced Mr. Blackhawk's profiting from the sale of drugs and causing of misery to drug purchasers several times during the sentencing hearing and brought it up again during the motion to reconsider sentence hearing. The judge said that it was an overwhelming factor that just simply could not be ignored, and during the motion to reconsider hearing said that even though the family testimony in mitigation was moving, to be brutally honest, the judge said, Mr. Blackhawk's profiting from the misery of others was intolerable. These comments went way beyond commenting on the nature and circumstances of the offense. And the court did not mention the particulars of the offense to which Mr. Blackhawk pled guilty, such as the quantity of drugs that he sold or the amount of money he received in this case. The court focused on generally Mr. Blackhawk making a living from selling drugs. But nothing in the record indicates that Mr. Blackhawk's conduct had any more propensity to cause harm than the average delivery case. And in terms of profitability, nothing about this particular delivery case went above and beyond the typical drug sale. It was a small amount of narcotics sold to an undercover officer, and there was no evidence presented during the sentencing hearing about Mr. Blackhawk's engagement in a large criminal enterprise. Because the record shows that the judge placed great emphasis on these improper factors, which are implicit in the offense of delivery, the reason why delivery is punished more harshly than mere possession, this court should reduce or remand for resentencing. And Mr. Blackhawk contends on appeal that his involvement in this case was not intentional. Given the nature and circumstances of the offense, again, it was a small amount sold to an undercover officer, no weapons were recovered, and no injury resulted. Also in light of the mitigating evidence relating to Mr. Blackhawk's character and attitude. What was mitigating about his character? During his childhood, he faced many hardships. He had no father. He was raised by a mother who went to prison for armed robbery, and he bounced from foster home to foster home while she was away in prison. Upon reaching eighth grade, he graduated and went out on his own and took care of himself. And despite all of these hardships, he never placed blame on anyone. He made no responsibility. He entered an open plea. He apologized to the court. He thanked the police department for setting him on the right path. And there were five mitigating witnesses in this case, five, who all testified about his extremely good nature, the fact that he's a nurturing father, a supportive father, a father who spends time with his kids, even though he had no father himself in that role. All of these positive characteristics of Mr. Blackhawk shows that he's got a great rehabilitative potential. Didn't the trial court say that in conjunction with the mitigating factor that he found, which was that he supported all of these people, that in conjunction with supporting them, he was doing it as a career drug dealer? And the court said that that was an overwhelming factor. Isn't there a Supreme Court case that says that involvement in a drug enterprise or drugs as a career is an aggravating factor, that it includes the misery and the compensation? I believe there are some appellate court cases that deal with the trial court's consideration of the receipt of profit. And I think that the Supreme Court's consideration of the receipt of profit is an important factor in delivering cases. But those cases all relate to that factor as it applies to the extent and nature of the defendant's involvement in a criminal enterprise. And those cases all involve situations where there's direct evidence that the defendant, some of these cases, the defendant's arrested for delivering over 1,000 grams of cocaine, having multiple weapons in possession, lots of details about his or her personal involvement in a large criminal enterprise of drug trafficking. And so in those cases, the appellate court has held that it's appropriate for the trial judge to consider the defendant's profiting from his conduct as it relates to the criminal enterprise. There's no evidence that Mr. Blackhawk was dealing in thousands of grams of cocaine or had weapons. He made no statements like in M.I.D. where he explained his particular involvement over a substantial period of time in selling substantial amounts of drugs. Here we have, he pled guilty to one count of delivery of 1.7 grams of cocaine. Well, the sentencing range was what, 6 to 30? Yes. Okay. So the mid-range, 6 and 30 is 36 divided by 2. So the mid-range is 18 years, and he got less than the mid-range. That is correct. But in terms of Mr. Blackhawk's prior criminal history, the only other prison sentence he has served was six years. So that's correct. We think eight years would have been more appropriate in this case, given that, again, it was a small amount. Mr. Blackhawk had multiple mitigating witnesses who testified about his good character and his rehabilitative potential. Eight years was also closer in range to what the state had initially offered Mr. Blackhawk before he entered an open plea. The state offered him nine. Even if we agree with you that eight years would be more appropriate, even if we said, yeah, if I were the trial judge, I'd have given him eight years. We don't get it. We've got to say that no reasonable person could have agreed with the trial judge. I mean, don't we? Well, we have two components to this excessive sentencing argument. One is that the trial court abused its discretion in considering these improper factors. And for that reason alone, you can remand the case for a new resentencing hearing, because the defendant is entitled to a fair sentencing hearing. Alternatively, this court has the power to reduce a sentence if it finds that it is excessive based on the particular facts presented to it. And Mr. Blackhawk contends that that is also a possibility in this case. And eight years is something that Mr. Blackhawk, it was half of the sentence that he received. It was close to the sentence that the state offered in a plea negotiation. And it would also significantly cut down on the cost of incarcerating Mr. Blackhawk. The facts presented at the sentencing hearing were that it would cost almost $500,000 to incarcerate him for 16 years. It's already cost the state over $100,000 to incarcerate Mr. Blackhawk. And even at day-for-day credit, it would still cost an additional $150,000 to keep him for his full sentence. So in this particular case, given the minor amount of drugs involved, the positive character of Mr. Blackhawk, the plethora of mitigating evidence about how supportive he is and what a good father he is, we think that a reduction in his sentence would be appropriate. Are good fathers really go out and commit class X felonies? Good fathers do. Well, no. I mean, that is something that Mr. Blackhawk acknowledged was something that he was on the wrong path. He acknowledged responsibility. Like I said, he placed no blame on anyone. He expressed his future goals in attending college or going into a tradesmanship. And he was already on his way by obtaining a GED. These are all facts that he doesn't shy away from. He, you know, faced them, and he was willing to take them on, and expressed his rehabilitative potential. And for those reasons, we ask that this court reduce his sentence to eight years or whatever sentence this court deems appropriate. Or alternatively, remand for resentencing, because here, the trial court abused its discretion in focusing on these improper factors that were already inherent in the offense of delivery. If this court has no further questions. Are you going to argue your second issue? If this court would like, I'm happy to. The second issue, Mr. Blackhawk contends that he was assessed a $350 street value fine, but it should be reduced to $200 because he pled $300. The case on this subject is that the judge's assessment of a street value fine is plain error if it is without a sufficient evidentiary basis. And Mr. Blackhawk contends that in this case, there was an insufficient evidentiary basis to support an imposition of a $300 fine. The defendant pleaded guilty to delivery of 1.7 grams of cocaine for $200. And because that was the factual basis that was presented by the state, that was the evidence that was presented as to the current street value of the narcotics. And so the street value fine should have only been $200. Any questions? Thank you, Ms. Rubio. Ms. Duffy, good morning. Good afternoon, Your Honors. Counsel, I'd like to address the second issue first. I would like to address the second issue first. Counsel and the defendant agreed that at the time of sentencing for this plea, the state would present evidence of the other offenses that had been charged and the quantity of drugs that had been sold. And at the time of sentencing, then, the state did call two police officers to testify as to controlled buys that this defendant made. One on May 8th, which is the $200 fine, and one on May 9th, which is the $200 fine. One on May 12th for $150, and one on January 8th of 2010 for $140. So the evidence was in the record as to what the street value fine was as required by the statute, and the defendant had agreed to the admission of this evidence beforehand. He agreed to the admission of the evidence. I don't believe that he agreed to the admission of the value. Yes, he did. For purposes. In the record on page 3 and 4, the defendant and defense counsel agreed to the presentation of evidence as to the amount of drugs and the amount paid for those drugs in the other offenses that were charged and would be dismissed as part of his package guilty plea. They agreed to that. Does the statute allow you to tack on street value fines for those dismissed charges? It doesn't prohibit it. I'm sorry? It doesn't prohibit it. I couldn't find anywhere where it was prohibited, like for example restitution. If you had a package guilty plea, you agreed the state could ask for restitution at the time of sentencing. That had to do with offenses that you were not pleading guilty to, but which were part of this plea agreement. Well, but was it his plea agreement to, was his plea agreement to agree to pay street value fines for all the dope he delivered that he was never charged with? There was no agreement as to the sentence. It was an open plea. So we don't have a plea agreement on the street value fine? No, no. We don't. The state had to present evidence as to what the street value of the drugs were. But normally one would think we're talking about the street value of the drugs he was convicted of delivering or attempting to deliver. Normally we are. Which then takes us back to the first issue as to the sentence he was given. He pled guilty to a class X felony, unlawful delivery of a controlled substance, cocaine. This was part of a package guilty plea. He was charged with unlawful delivery of a controlled substance and unlawful possession of a controlled substance for actions on May 8th of 2009. He was again charged same counts for actions controlled by on May 12th of 2009. And then again in a separate case number on January, I believe January 8th of 2009. He was charged with unlawful delivery of a controlled substance on May 8th of 2010. Another controlled buy. When these controlled buys took place, this defendant was on parole for unlawful delivery of a controlled substance. He was sent to the Department of Corrections in 2007 and then placed on parole. Also his criminal history shows that in addition to the offense for which he went to the Department of Corrections, there were three other convictions for possession of a controlled substance. This defendant was 28 years old at the time he was sentenced here. He's not a teenager. It's not his first merry-go-round. And the only evidence there is about this defendant is he is a chronic drug dealer. That's how he made a living. He's never had a job, yet he did support his children. He supported his children by being a drug dealer. And when the trial judge talks about this and says, you know, the only thing you've shown me is that you go out there and sell drugs that hurt people, you make a living off selling drugs, he's not talking about an improper sentencing factor. In fact, this court has said that when you use a factor like this, the harm done, the money that you make off selling drugs, you're making a living. It's permissible because a trial judge has to consider the nature and extent of your involvement in a particular criminal enterprise. Your underlying motivation for committing the offense and the likelihood of the defendant's commission of similar offenses in the future. Now who, what thinking person doesn't believe that this defendant, if he walked out of prison today, wouldn't turn around and start selling drugs again? I'd lay my case against him. I'd lay my case against him. I'd lay my money that that's exactly what he would do. And that's what the trial judge was attempting to get through when he sentenced this defendant to 16 years imprisonment, which is not an abuse of discretion. It's called for in this case. And quite frankly, he got a good deal in this package guilty plea. You know, counsel says that he's not going to do it again. So if you're going to take responsibility, then take responsibility for it. Do your time. Take responsibility for what you've done. Thank you. Ms. Rubio, rebuttal. Just a few points. In relation to Mr. Blackhoff's first argument, counsel mentions the fact that he was charged or the aggravating evidence was that there were three separate incidents, one on May 12th and then one in January. But counsel doesn't note that these deliveries all were, again, very small quantities, less than six grams total of cocaine. We're not talking about the hundreds of grams of cocaine that the case law on which the state relies is referring to. These are three separate incidences over an eight or nine month period. Certainly the state could have offered further evidence in aggravation, but that's not the case. Counsel's investigation about a criminal enterprise that the state could have argued that the defendant was engaged in, but they didn't. There's no other evidence that Mr. Blackhoff is an active drug dealer other than these three separate instances of a small amount of delivery to undercover agents who engaged Mr. Blackhoff. Does the trial judge have to assume that those deliveries to the undercover agent were the only deliveries that the defendant was engaged in? Well, the trial court has to consider the facts presented to it in sentencing. The state had the opportunity to present aggravating factors. The defense had the opportunity to present mitigating evidence, and he did so. But there's evidence, he's, you know, multiple convictions, right, and plus these uncharged crimes. And again, maybe your argument's better directed to the General Assembly because you've got a sentencing rate from six to 30 years. He gave him 16, which is less than the midpoint. How do you call that an abuse of discretion for a fellow that's got multiple drug convictions? Well, there are some appellate court cases that acknowledge that it was reversible error when the defendant got two years. If it's an improper factor that should not have been considered in aggravation, it was an abuse of discretion. And so, therefore, reduction or remand is required, even if the defendant was convicted. Even in situations involving just two years. The state refers, and Your Honor, it refers to Mr. Blackhawk's priors. Mr. Blackhawk's prior conviction, the state misstated, and in fact, during the sentencing hearing, it was clarified that his only other prior felony conviction was for possession with intent to deliver. It was not delivery. And in mitigation, the evidence was presented that Mr. Blackhawk presented a misdemeanor felony conviction for possession with intent to deliver. And the evidence was presented that it was a case involving, in his PSI, it was a case involving himself pulled over in a car with four other individuals and a large quantity of narcotics was recovered from underneath the hood of the car. And from that conviction, from that set of facts, he was convicted of possession with intent. That doesn't show that he's engaged in a criminal enterprise. What would? That he, like in, let's see, in MID, the defendant acknowledged, I run a criminal enterprise in town. I'm the person that sells substantial amounts of drugs over significant periods of time. Also in McCain, that's a perfect example. Thousands of grams of cocaine. All sorts of drug paraphernalia found on the defendant. Weapons. Detailed evidence about the drug trade that the defendant engages in. Here we have three isolated, three separate delivery, evidence of three separate deliveries over a nine month period and a prior possession with intent. His other prior is related to possession of cannabis, which we're not saying is, you know, should not be considered. But it doesn't, again, it doesn't, it's not evidence of possession. Thank you. And as for the defendant never having a job, there's some evidence in the record that he worked at, I believe, a Popeye's and they have worked at a Burger King. And there's no evidence, again, the state could have presented evidence about his sole source of income being drug dealing. They made the argument, but there's no direct evidence that that was the case. And as for the defendant's second issue, the state argues that it was proper to impose $350 because of the combined total of the May 8th and May 12th alleged transactions. The combined total of those transactions don't even equate to $350. So it was $200 and $140. Plus, although the defendant agreed to the presentation of that second transaction as other crimes evidence in aggravation, he didn't agree to it as being proof of sufficient evidence of proof of the street value of the drugs to which he actually pled guilty to. And for those reasons, we ask this court to reduce Mr. Blackhawk's sentence or remand for resentencing hearing and reduce his street value fine. Thank you. We thank you both for your arguments this morning. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The court will now stand in brief recess for appeal.